917 F.2d 564
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Francis TOMCSIK, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 89-2179.
 United States Court of Appeals, Sixth Circuit.
 Oct. 30, 1990.
 
 Before KENNEDY and KRUPANSKY, Circuit Judges; and ENGEL, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant, Francis Tomscik (Tomcsik), appeals the entry of judgment against him following a bench trial of his Federal Tort Claims Act negligence action against the United States. In his complaint, Tomcsik alleged that a certain agent of the FBI, Prince Ross (Ross), in collaboration with several officers of the Detroit Police Department, engaged a fugitive named Farod Mallory (Mallory)--a dangerous "enforcer" for the Young Boys narcotics crimes ring, wanted for questioning in three murders--in a high speed automobile pursuit through residential streets in the City of Detroit. This pursuit ended when Mallory was apprehended, after his vehicle entered an intersection and struck the automobile in which Tomcsik was traveling. Tomcsik suffered severe, debilitating injuries in the collision, and initiated this suit under the Federal Tort Claims Act alleging that the accident occurred as a result of the negligence of the federal agent in pursuing Mallory.
 
 
 2
 The case was tried without a jury, and the district court concluded as a matter of fact that, in light of his official duties and in light of the circumstances, Ross had exercised reasonably prudent care in chasing Mallory. In reaching this decision, the court applied the standard for police officer negligence enunciated in Fiser v. Ann Arbor, 417 Mich. 461, 339 N.W.2d 413 (Mich.1983).
 
 
 3
 Upon consideration of the briefs, the arguments of counsel, the record developed at trial, and the applicable case law, this court is of the opinion that the district court's factual findings were not clearly erroneous, and that its judgment is therefore not subject to reversal on appeal. Accordingly, the judgment of the district court is hereby affirmed for the reasons stated in the court's memorandum opinion of September 11, 1989.